IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MITTIE FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2683-P-BN |
| | § | |
| MARTHA JO FLEMING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Mittie Fleming brings this *pro se* civil action against her family members Martha Joe Fleming, David Fleming, Charlie Fleming, Vernon Fleming, James Fleming, Jenarold Triplett, and Herbert Fleming, seeking the determination of heirship and letters of administration for the estate of Martha Lee Woods "before this family feud turn[s] violent." Dkt. No. 1 at 1. On July 25, 2014, Plaintiff commenced this lawsuit by filing a complaint, form application for determination of heirship, and motion to proceed *in forma pauperis* with the district clerk. *See* Dkt. Nos. 1, 2, & 4. Because the information provided by Plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the Court granted leave to proceed

*in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7.

The undersigned now concludes that this case should be summarily dismissed for lack of subject matter jurisdiction.

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*." ). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## Analysis

Plaintiff seeks a judicial determination of the heirship of the estate of Martha Lee Woods, who left behind no will and eight surviving children. *See* Dkt. No. 1. By her civil cover sheet, Plaintiff appears to concede that this cause of action arises under the probate law of Texas and is governed by Texas statute and case law. *See id.* at 2. The documents that she provided to the Court also confirm that Plaintiff and at least seven

of the defendants are citizens of Texas. *See id.* & Dkt. No. 2 at 3.

Plaintiff's complaint does not raise any claims under federal statute or the United States Constitution. This Court does not have jurisdiction over state actions for the declaration of heirship. *See Kennedy v. Breidenbach,* No. 4:06-cv-584-Y, 2006 WL 2583148, at *1 (N.D. Tex. Sept. 6, 2006) (summarily dismissing *pro se* action seeking determination of heirship for lack of subject matter jurisdiction); *see also Huckeba v. Rousseau,* No. 3:05-cv-1705-B, 2005 WL 2429417, at *1 (N.D. Tex. Sept. 29, 2005), *rec. adopted,* (N.D. Tex. Oct. 17, 2005) (same).

Neither is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and the exhibits provided that Plaintiff and at least seven defendants are citizens of Texas. *See* Dkt. No. 1 at 2; Dkt. No. 2 at 3. Thus, federal diversity jurisdiction is not proper. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of all plaintiffs must be different from the citizenship of all defendants).

Accordingly, Plaintiff's claims should be summarily dismissed.

## Recommendation

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

-3-

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE